J. F. ANDERSON ET AL. *v.* T. R. HENDERSON ET AL.

[60 South. 137.]

APPEAL AND ERROR. *Final decree.*

A decree dissolving an injunction and dismissing the bill is a final decree, from which an appeal may be taken without obtaining leave of the court to do so.

APPEAL from the chancery court of Leflore county.

HON. M. E. DENTON, Chancellor.

Suit by J. F. Anderson and others, against T. R. Henderson and others. From a decree dissolving an injunction and dismissing the bill, complainants appeal.

The facts are fully stated in the opinion of the court.

*E. D. Stone*, for appellants.

Now come the appellants, by their attorneys, and for reply to the motion and brief filed in this cause say, that the motion is without merit, because the decree appealed

from is a final decree, and the right to appeal and the manner of taking it is controlled by sections 33 and 50 of the Code of 1906 which control and have been complied with exactly; and the same is not controlled by section 35 of the Code 1906. The decree of the court not only dissolves the injunction on motion which was interlocutory, but the decree went further and dismissed the bill and the amendment to same. While that decree remains in force nothing else could be done by complainants. The case was finally disposed of and thus it was a final decree, regardless of how many interlocutory questions might have been determined in arriving at the final result. This court said in *Cook* v. *Bay*, 4 Howard, 485, "A final decree is one which makes an end of the case, and decides the whole controversy; and determines the cases, and leaves nothing further for the court to act on," and this ruling has never been departed from.

In *Humphrey* v. *Stafford*, 71 Miss. 135, 14 So. 439, this court said, "A decree adjudicating everything material and which, when executed, will give all the relief that could be afforded, is final."

The case is further controlled by statute, section 621 of the Code of 1906 which says, "When, on motion, an injunction shall be wholly dissolved, the bill of complaint shall be dismissed, of course with costs, unless sufficient cause be shown against its dismission, at the next succeedng term of the court." *Dedeyn* v. *Donnivan*, 81 Miss. 696.

The first case cited in the brief under this motion, *Wilson* v. *Pugh*, 61 Miss. 449, does not apply to the present case, because in that case there was simply a dissolution of the injunction and dismissal of the bill. The brief for the motion states that "the case is still pending in the chancery court. The injunction may be reinstated," and at the conclusion of Judge BRAME's brief he says, "that wherever a case is properly pending in the court below and may be proceeded with there, it cannot

be heard" (in the supreme court). The same criticism of the error of counsel in citing cases applies to 43 Miss. 304, because in that case the demurrer of the defendant to a supplementary bill had been overruled, and he appealed by petition to the clerk, and there had been no final disposition of the case. See statement by Judge SIMRALL, 43 Miss. 310. The same applies to *Thompson* v. *Toomer*, 50 Miss. 394, where Judge TARBELL says, at p. 395, "This is an appeal from a decree overruling a demurrer, which decree was rendered April 30, 1874. The petition for appeal is addressed to the clerk and dated June 26, 1874, in behalf of all respondents."

*Johnston* v. *Jones*, 51 Miss. 860, cited by the opposing counsel is not in point, because that was not a final decree appealed from, but as stated in the citation, it was "an appeal from a decree overruling a demurrer."

The case of *Derdyn* v. *Donnivan* does not sustain the contention of opposing counsel that it is an interlocutory decree, but proves conclusively that it is a final decree. In that case there was an application for an injunction; same was granted. Defendants answered, proof was taken, and the court rendered a decree on the facts, and as stated the grounds for the injunction had been passed upon in the trial of the case, the court dismissed the bill, and in speaking of the case, Chief Justice WHITFIELD in 81 Miss. 700 says, "The bill heard was for injunction only; when the court dismissed the bill, the case was at an end, and it was entirely proper to allow the damages."

In the case at bar there was an application for an injunction to prevent a sale, as in the Derdyn case; there was an answer, taking of testimony, and hearing of all facts at issue, and a decree, not only dissolving the injunction, and allowing damages, but dismissing the bill and the amendment thereto. There is absolutely no merit in the contention raised by counsel, that we might have an appeal from that part of the judgment dismissing the bill and the amendment, but could not have an ap-

peal from the other part of the decree dissolving the injunction, because the injunction was the only meat of the case, and if that is lost there is nothing left.

The case of *Strong* v. *Harrison* does not apply, because the court ruled that that case could have been retained in the chancery court, because the whole case had not been disposed of by decree. See statement of the case, 62 Miss. 61; there it says that under" a motion made by the defendants to dissolve the injunction, affidavits were read and much testimony heard in open court, and reduced to writing, and the chancellor rendered a decree dissolving the injunction as to a part only of the land, awarded the defendants seventy-five dollars for their attorney's fee and dismissed the bill." In that case it was manifestly wrong to dismiss the bill, because only a part of the defendants had answered and the chancellor only passed on a part of the property involved in the litigation. The court very properly held that the bill should have been retained, because there were the rights of other people, and other property in the litigation to be passed upon. In the case now under consideration, there was absolutely nothing left for future consideration.

In the case of *Sowell* v. *Sowell*, 57 So. 626, it was an interlocutory decree—one ordering land to be sold in partition proceedings—and not final, as in the case at bar, and therefore the appeal was dismissed.

In the case of *Smith* v. *Holifield*, 98 Miss. 649, cited by the opposing counsel, the court says: "By the decree of the court below, appealed from, this injunction was made perpetual and a master appointed to ascertain and report to the court the amount of damages sustained by appellee, by reason of the cutting of his timber. This is an interlocutory and not a final decree, and consequently, if an appeal lies therefrom, it must be taken within the time and in the manner provided by section 35 of the Code of 1906." Thus we see that this decision rests

on the foundation principle that it was an interlocutory decree appealed from, and not a final decree, as in the present case. The thing that made the decree in that case an interlocutory decree was the fact that the decree appointed a commissioner to ascertain and report to the court at some time in the future, the amount of damages, etc., left something to be done.

In the case now before the court no other steps could be taken in the chancery court; everything was done that could be done; the bill and the amendment were dismissed, there was an end to the case, a finality; and therefore it was a final decree.

*Gardner & Whittington*, for appellees.

The decree dissolving the injunction rendered by the chancellor in vacation and awarding the statutory damages, on the motion to dissolve the bill, having been rendered on June 24, 1912, is an interlocutory decree. *Wilson* v. *Pugh*, 61 Miss. 449.

No appeal from a decree dissolving an injunction can be granted except by the chancellor, and such appeal must be applied for within ten days after the date of the order or the date of the decree complained of. The appeal must have been granted, as provided by section 35 of the Code of 1906. It is undisputed that no such appeal was applied for or obtained in this case. The clerk undertook to grant an appeal more than a month after the rendition of the decree to operate as a *supersedeas* in this case, but under the repeated adjudication of our court, and under the express language of the statute, the clerk had no power to grant, or to allow such an appeal. *Nesbit* v. *Rodewald*, 43 Miss. 304; *Thompson* v. *Toomer*, 50 Miss. 394; *Johnson* v. *Jones*, 51 Miss. 860.

But it may be argued that the decree dissolving the injunction undertook to dismiss the bill of complaint. The sole purpose of the bill of complaint was to obtain an injunction and the dissolution of the injunction with-

out any recital of that fact in the decree, carried with it the dismissal of the bill. *Derdeyn* v. *Donovan*, 81 Miss. 696.

Section 621 of the Code of 1906 provides that when on motion an injunction shall be wholly dissolved, the bill of complaint shall be dismissed, of course, with costs, unless cause be shown against its dismission, and the object of the statute is to give the complainants opportunity to amend, or to take further proof; but where the case is disposed of, proof having been taken the case can be dismissed at once. *Bass* v. *Nelms*, 56 Miss. 502. We submit that the sole purpose of the bill was for an injunction, and that the dissolution of the injunction carried with it the dismissal of the bill. The only error argued by the appellants is the error of the court in dissolving the injunction, but no appeal to operate as *supersedeas* against the decree, dissolving the injunction can be obtained, unless granted, as provided by section 35 of the Code of 1906 which was not done in this case.

But even if the court below erred in dismissing the bill we respectfully submit that the appeal from the decree, insofar as it dissolves the injunction and awards the payment of statutory damages, should be dismissed. It has been expressly decided by our court, Judge COOPER rendering the opinion, that this can and should be done. In this connection, we call the attention of the court to the concluding paragraph in the case of *Strong* v. *Harrison*, 62 Miss. 61, in which the opinion was rendered by Judge COOPER, as just stated. We quote from the concluding paragraph in the opinion in this case. See *Bass* v. *Nelms*, 56 Miss. 502 and *Derdeyn* v. *Donovan*, 81 Miss. 696.

The mere appeal from the said decree dissolving the injunction and dismissing the bill granted by the clerk of the chancery court more than a month after the rendition of the decree does not operate as a *supersedeas* of an interlocutory decree dissolving an injunction. *Sowell* v. *Sowell*, 57 So. 626. It is well settled in Mississippi by

numerous adjudications of our supreme court that appeals from a decree dissolving an injunction can only be obtained as provided by section 35 of the Code of 1906. Possibly the latest announcement of our supreme court in support of this contention is the recent case of *W. J. Smith* v. *N. W. Holifield*, 98 Miss. 649. The opinion in this case was rendered by Chief Justice SMITH, and the court reaffirmed the well-settled rule and doctrine of Mississippi that this is an interlocutory decree, and, consequently, if an appeal lies therefrom, it must be taken within the time and in the manner provided by section 35 of the Code of 1906.

SMITH, C. J., delivered the opinion of the court.

Appellants, having filed their bill in the court below, praying that the sale of certain property be enjoined, obtained the issuance of a temporary injunction thereon, which injunction was by the chancellor, on motion in vacation, dissolved, and the bill dismissed. From this decree this appeal was taken, without appellants having obtained leave from the chancellor so to do.

Appellees have filed a motion asking that this appeal be dismissed, on the ground that the decree appealed from is not a final, but an interlocutory, one, and that from such a decree an appeal can be taken only when leave so to do has been obtained within ten days from the rendition thereof. The decree appealed from is a final one; for by it, not only was the injunction dissolved, but the bill was dismissed. The question of the chancellor's power to render such a decree in vacation does not arise on this motion.

*Overruled.*